IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PHYLLIS McCORD, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. 2:05CV594-F
)
G.D. SEARLE LLC (hereinafter )
"Searle") a subsidiary of PHARMACIA )
CORPORATION, (hereinafter )
"Pharmacia"), a Foreign Corporation; )
MONSANTO COMPANY; PFIZER )
INC., et al, )
)
Defendants. )

## NOTICE OF REMOVAL

TO:   United States District Court for the Middle District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company, see Paragraph 9), and Pfizer Inc. ("Pfizer") (collectively hereinafter "Defendants") hereby remove this action from the Circuit Court of Covington County, State of Alabama to the United States District Court for the Middle District of Alabama Northern Division and allege as follows:

1.   Searle, Pharmacia, and Pfizer are the Defendants in this action originally filed in the Circuit Court of Covington County, State of Alabama and captioned *Phyllis McCord v. G.D. Searle, LLC, et. al*, Case # CV-2005-103.

2.   On April 18, 2005 Plaintiff filed this action in the Circuit Court of Covington County, State of Alabama. This action is brought on behalf of Plaintiff "for injuries resulting in heart attack" and "seeks monetary damages for personal injuries pursuant to AL Code Ann. Sec.

11-7-13, [for] damages caused by the drugs named herein and ingested by Plaintiff." (Complaint ¶ 1).

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.   JURISDICTIONAL BASIS FOR REMOVAL

4. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) there is the requisite diversity of citizenship among the Plaintiff and Defendants.

### A.   The Amount In Controversy Is Satisfied

5. It is facially apparent that Plaintiff asserts claims that if proved would exceed $75,000 exclusive of interests and costs. Since the complaint seeks an unspecified amount of damages, Defendants must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) *(quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). The following allegations in Plaintiff's Complaint support a finding of the requisite amount in controversy. This is a personal injury product liability action alleging injury arising out of the use of Bextra®, a prescription medication. Plaintiff alleges that Bextra® caused Plaintiff's heart attack and seeks damages for personal injury, mental anguish, economic (medical expenses), non-economic losses and punitive damages. Defendants deny any wrongdoing. Alabama juries in product liability cases routinely render verdicts in excess of

$75,000 exclusive of interests and costs. *See* Exhibit 1. Further, appellate courts routinely uphold verdicts in excess of $75,000 in such cases. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th cir. 1993) (addressing on appeal an award of $400,000 in compensatory and $ 5,000,000 in punitive damages in a medical product liability case); *Benford v. Richards Med. Co.*, 792 F2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical product liability case).

**B.      Diversity of Citizenship**

6.      Upon information and belief, Plaintiff Phyllis McCord is, and at the time this suit was filed was, a resident and citizen of the state of Alabama. (Complaint ¶¶ 2, 3).

7.      Defendant Searle was at the time of filing of this action, and still is, a limited liability company existing under the laws of the State of Delaware, having its principal place of business in the State of Illinois. Therefore, Searle is not now, nor was at the time of filing this action a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

8.      Defendant Pharmacia was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Therefore, Pharmacia Corporation is not now, nor was at the time of filing this action, a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

9.      Defendant Monsanto Company, as an entity relevant to this action, changed its name to Pharmacia Corporation in 2000, the same entity in Paragraph 8 above.

10.     Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the

State of New York. Therefore, Pfizer Inc. is not now, nor was at the time of filing this action, a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

11. The complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A, B, C and D. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## II.    PROCEDURAL REQUIREMENTS FOR REMOVAL

12. On May 24, 2005 Pfizer was served with a copy of the Summons and Complaint. Because this Notice of Removal is being filed within 30 days of the service of the Complaint on Defendant, it is timely under 28 U.S.C. § 1446(b). Defendants who have not been served nevertheless make their appearance and join in this removal.

13. The United States District Court for the Middle District of Alabama Northern Division embraces the county in which the state court action is now pending and thus this Court is a proper venue for this action pursuant to 28 U.S.C. § 81(b)(1) and 1441(a).

14. Copies of all process, pleadings and orders are collectively attached to this Notice of Removal as Exhibit 2 pursuant to 28 U.S.C. § 1446(a).

15. Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

16. If any question arises as to the propriety of the removal of this action, the defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Covington County, State of Alabama, bearing case # CV 2005 103, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

_____
Lawrence B. Clark        (CLA-012)
Gilbert C. Steindorff, IV (STE-173)
Wendy A. Madden (MAD-032)
Attorneys for G.D. Searle LLC, Pharmacia Corporation and Pfizer Inc.

OF COUNSEL:

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 23rd day of June, 2005

Navan Ward, Jr., Esq.
Andy D. Birchfield, Jr., Esq.
Paul Sizemore, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL